# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| Jason Peraza, | ) | Civil Action No.: 0:21-cv-00160-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Bryan K. Dobbs, *Warden*, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Jason Peraza ("Petitioner"), proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Magistrate Judge issued a Report and Recommendation concluding that the Petition should be summarily dismissed for lack of subject matter jurisdiction. (ECF No. 11.) For the reasons stated below, the court **ACCEPTS** the Report and **DISMISSES** Petitioner's Habeas Petition (ECF No. 1) without prejudice.

## I.     FACTS AND PROCEDURAL HISTORY

Petitioner pleaded guilty to being a felon in possession of firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) (Count One), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c)(1)(A)(i) (Count Three), and possession with intent to distribute methamphetamine, MDMA, and less than 50 kilograms of marijuana, in violation of 21 U.S.C. 841(a)(1) (Count Two). (*United States v. Peraza*, C/A No. 1:17-cr-20419-UU (Mar. 6, 2018), ECF No. 36).) On March 5, 2019, the court entered its judgment sentencing Petitioner to sixty (60) months of imprisonment to be served concurrently as to Counts One and Two, and sixty (60) months as to Count Three, to run consecutively, for a total term of imprisonment of one hundred twenty (120) months. (*Id*. at 2.) Petitioner timely appealed, arguing

1

that the sentencing court erroneously designated him as a career offender. (*Peraza*, C/A No. 1:17-cr-20419-UU (Dec. 10, 2018), ECF No. 46 at 4.) The Eleventh Circuit Court of Appeals found that under circuit precedent, Petitioner's prior convictions could be used to establish career offender status and affirmed his sentence. (*Id.*) Petitioner subsequently filed a motion under 28 U.S.C. § 2255. (*Peraza*, C/A No. 1:17-cr-20419-UU (Dec. 10, 2018), ECF No. 47.) Petitioner argued first that he was not guilty of possession of a firearm in furtherance of a drug trafficking crime, because "there was no active employment of the firearm involved." (*Peraza*, C/A No. 1:17-cr-20419-UU (Dec. 10, 2018), ECF No. 48 at 7.) Petitioner also argued that his § 922(g) conviction should be vacated under the holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), though this argument was raised for the first time in his Reply. (*Id.*) The sentencing court rejected both arguments after finding, in part, that the *Rehaif* claim could not be raised for the first time in this manner. (*Id.* at 11-12.) Now, Petitioner reiterates his *Rehaif* challenge in this habeas petition, alleging his sentence and conviction are unconstitutional due to the government's failure "to prove the essential elements" of § 922(g)(1). (ECF No. 1 at 4 (citing *Rehaif*, 139 S. Ct. 2129).)

The Magistrate Judge issued the Report on March 9, 2021, concluding the court lacks subject matter jurisdiction over the Petition. (ECF No. 11 at 3-4.) Specifically, the Magistrate Judge observed Plaintiff's Petition, which was brought under § 2241, could survive only if Plaintiff satisfied the § 2255 savings clause by showing that § 2255 is "inadequate or ineffective to test the legality of his detention." (*Id.* (citing 28 U.S.C. § 2255(e); *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (finding court lacked jurisdiction over § 2241 petition outside savings clause)).) The Magistrate Judge further outlined the United States Court of Appeals for the Fourth Circuit's savings clause test under § 2255 for a petitioner who contests his sentence as follows:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct

2

>  appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law."

(*Id.* (citing *In re Jones*, 226 F.3d 328, 333-34 (2000); *United States v. Wheeler*, 886 F.3d 415, 427 (4th Cir. 2018)).)

Ultimately, the Magistrate Judge found Plaintiff had failed to show that § 2255 is inadequate to test the legality of his sentence under the second element of the *In re Jones* test, because "[u]nder the law of the circuit where Petitioner was convicted—the Eleventh Circuit—*Rehaif* is not a substantive change in the law that rendered Petitioner's conduct not criminal." (Id. at 3-4 (citing *United States v. Moore*, 954 F.3d 1322, 1333-36 (11th Cir. 2020) (providing that failure to include the *mens rea* element in an indictment for a violation of § 922(g) prior to *Rehaif* is not tantamount to alleging that the charged conduct itself is not criminal); *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019).) Because Petitioner could not meet the second element of the *In re Jones* test, the Magistrate Judge recommended that his petition be dismissed for lack of subject matter jurisdiction.

## II.     LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v.*

3

*Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be carefully examined, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997).

### III.     DISCUSSION

In his Objection to the Magistrate Judge's Report, Petitioner appears to agree that the court lacks subject matter jurisdiction to consider his § 2241 Petition. (ECF No. 14 at 2.) However, Petitioner believes this is because the court "is not a true United States court established under [A]rticle III of the Constitution to administer the judicial powers of the United States therein conveyed." (*Id*. at 1.) Petitioner requests that the court transfer the Petition "to an Article III court exercising Article III constitutional authority and jurisdiction." (*Id*.) In Petitioner's view, the reason this court lacks jurisdiction is because the government's failure to prove the knowledge of felon status element of Petitioner's § 922(g)(1) conviction pursuant to *Rehaif* rendered his indictment defective (and therefore unconstitutional). (*Id*. at 14). In essence, Petitioner appears

4

to claim that because his *Rehaif* claim should succeed on the merits, this court is stripped of jurisdiction to entertain his Petition. This circular argument, however, fails to address the actual reason why the Magistrate Judge correctly concluded that the court lacks subject matter jurisdiction in this case. Here, the real issue is that Petitioner has failed to show he is procedurally entitled to file a habeas petition under § 2241—because he does not fall within the savings clause of § 2255(e).

Section 2255(e) permits prisoners "to apply for a traditional writ of *habeas corpus* pursuant to § 2241." *United States v. Wheeler*, 886 F.3d 415, 422 (4th Cir. 2018). Under the statute,

> "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*."

28 U.S.C. § 2255(e) (emphasis added.) The Magistrate Judge correctly explained that under Fourth Circuit law, § 2255 is "inadequate and ineffective" only if a petitioner can demonstrate that "subsequent to [his] direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal," *In re Jones*, 226 F.3d at 333-34. Applied to Petitioner's case, it is evident that he is not "entitled to file a habeas petition" under §2241 because he cannot point to a change in the substantive law such that his conduct is no longer criminal. *Id.* at 334.

According to the Eleventh Circuit, *Rehaif* is not a new rule of substantive law affecting the criminal nature of the underlying conduct. *In re Palacios*, 931 F.3d at 1315 ("*Rehaif*, [] did not announce a "new rule of constitutional law," but, instead, clarified that, in prosecuting an individual under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2) . . . the government must prove that the defendant knew he violated each of the material elements of § 922(g)) (citing *Rehaif*, 139 S.

5

Ct. at 2195-96). Thus, *Rehaif* "simply clarified the elements that the Government would have had to prove at trial had Petitioner exercised his right to a trial." *Sadler v. Bragg*, C/A No.: 0:20-cv-0665-JFA, 2020 WL 6110989, at *3–4 (D.S.C. Oct. 16, 2020) (collecting cases); *see also Farley v. Warden FCI Bennettsville*, C/A No.: 1:20-cv-01387-MGL, 2020 WL 8678092, at *4 (D.S.C. Oct. 30, 2020), *report and recommendation adopted*, C/A No. 1:20-cv-01387-MGL, 2021 WL 672925 (D.S.C. Feb. 22, 2021). Even in the wake of *Rehaif*, Petitioner's underlying conduct remained criminal. Therefore, the court concludes Petitioner is not eligible to file this *habeas* petition under the "savings clause" of §2255(e). Accordingly, the court must accept the Magistrate Judge's recommendation and dismiss the case for lack of subject matter jurisdiction.[1]

## IV.     CONCLUSION

After a thorough review, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 11) and **DISMISSES** without prejudice Plaintiff's Petition for Writ of Habeas Corpus (ECF No. 1).

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any

---

[1] Petitioner's original argument that this court lacks jurisdiction because it is not an Article III court is obviously without merit. Article III vests the "judicial power of the United States" in the Supreme Court "and in such inferior courts as the Congress may from time to time ordain and establish." U.S. Const. art. III, § 1. Congress established the federal district and circuit courts with the Judiciary Act of 1789, 1 Stat. 73 (1789). The unconstitutional nature of a conviction does not strip Article III courts of their jurisdiction. Otherwise, unconstitutional convictions could never be reversed or remedied within the federal judicial system.

dispositive procedural ruling by the district court is likewise debatable. See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 8, 2022
Columbia, South Carolina